Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ESTEFANÍA COLÓN LAMIZ Y OTROS<br>Recurrida<br><br>v.<br><br>HUGH ALEXANDER CUTHBERT MARTIN Y OTROS<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN Y ÓPTIMA SEGUROS<br>Peticionarios | TA2025CE00879 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2021CV04460 (805)<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de enero de 2026.

La parte peticionaria, Municipio de San Juan, solicita la revocación de la *Resolución* emitida 8 de julio de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan. El foro primario denegó la desestimación sumaria de la demanda presentada por la parte recurrida, Estefanía Colón Lamiz en su carácter personal y en representación de los menores AMC y NMC; Yeny Martínez Minaya; Ramona Lamiz Esteves; y Alexis González Cortés.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

**-I-**

El 16 de julio de 2021, la parte recurrida presentó *Demanda* posteriormente enmendada el 14 de febrero de 2024, contra de la Sucesión de Hugh Alexander Cuthbert Martin, Universal Group, Inc. (en adelante, "Universal"); AIG Insurance Company Puerto Rico; la parte peticionaria; y Óptima Seguros, por un accidente

ocurrido el 25 de julio de 2020. El 17 de enero de 2025, la parte peticionaria solicitó la solución sumaria al pleito a su favor, alegó falta de culpa o negligencia por el accidente en cuestión. En específico, aseveró que:

> No responde por: (1) no ser dueño del área donde ocurre el accidente; (2) haber concedido los permisos del local en donde en efecto sucede el accidente bajo la Ley de Certificación, siendo el profesional que somete el proyecto quien responde por el cumplimiento del mismo con las leyes y reglamentos aplicables; (3) no señalarse, ni alegarse que el Municipio violó ley o reglamento alguno; (4) no haberse registrado antes un accidente de similar naturaleza que puede establecer algún grado de previsibilidad; (4) no existir condición peligrosa en la acera y/o la rampa por donde entra el vehículo de motor del codemandado, impactando a las codemandantes; (5) existir masetas con plantas que servían de barrera a los comensales del loca de Chili's donde ocurre el accidente y (6) no existir acto u omisión alguna en base a la cual se pueda imponer responsabilidad al Municipio y (7) no haberse violentado el deber de previsibilidad y procurar la demandante que se atribuya un deber de previsibilidad absoluta vedada por nuestro ordenamiento.

El 1 de mayo de 2025, la parte recurrida presentó oposición, argumentó que, todavía existe controversia sobre la previsibilidad de un accidente en una terraza extendida, y el riesgo que resulta de no colocar algún tipo de barrera protectora alrededor del perímetro para evitar accidentes similares. Examinados los escritos promovidos, el tribunal denegó expedir la sentencia sumaria solicitada. En la resolución recurrida, el foro primario produjo las siguientes determinaciones de hechos como fuera de controversia:

1. El accidente descrito en la Demanda ocurrió el 25 de julio de 2020.

2. En la fecha determinada previamente, alrededor de las 6:00 p.m., Colón Lamiz y Martínez Minaya se encontraban en la plaza exterior del Restaurante Chili's de Condado.

3. El demandado Cuthbert Martin era dueño del auto Honda CRV, azul, con tablilla HHB-010, involucrado en el accidente y conducía el mismo al momento de los hechos.

4. Según el Informe de choque de tránsito, Cuthbert Martin transitaba de este a oeste en la Avenida Ashford en San Juan, Puerto Rico, y al llegar a la intersección con la calle Nairo, dobló a la derecha, salió de la vía del rodaje, subió la acera e impactó con el área frontal de su vehículo el área de la terraza extendida de Chili's e impactó a Colón Lamiz y Martínez Minaya.

5. Hugo Cuthbert Martin falleció el 5 de mayo de 2023.

6. Ashford Development and Management Corp e International Restaurant Services, Inc. h/n/c Chili's Restaurante otorgaron un contrato de arrendamiento titulado "Lease Agreement" el día 24 de julio de 2014.

7. La arquitecta Otheguy certificó al Municipio el plano y la construcción de Chili's Condado conforme está construido, mediante la Ley de Certificación.

8. Chili's utilizó un área de terraza extendida para colocar mesas de servicio.

El tribunal anotó como hechos en controversia los siguientes:

1. Si ocupar el perímetro de la acera para terraza extendida denominada "outside seating area" requería de barreras físicas para prevenir el riesgo;

2. Si ante los hechos de este caso el Municipio tenía el deber instalar barreras físicas para evitar el riesgo;

3. Si ante los hechos de este caso el Municipio fue negligente por omitir instalar barreras físicas.

La parte peticionaria solicitó reconsideración y determinaciones de hechos adicionales. El foro de primera instancia denegó la reconsideración y solicitud de hechos adicionales. Inconforme, la parte peticionaria comparece ante nosotros y registra los siguientes señalamientos de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA DE LA COMPARECIENTE BAJO LA PREMISA DE QUE LA CONTROVERSIA QUE SOSTUVO EXISTE EN ESTE CASO AMERITA LA CELEBRACIÓN DE UN JUICIO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ENMENDAR LA RESOLUCIÓN RECURRIDA PARA INCLUIR LAS DETERMINACIONES DE HECHOS ADICIONALES PROPUESTAS POR LA COMPARECIENTE.

La parte recurrida no compareció dentro del plazo concedido por este tribunal para presentar su alegato en oposición. Por tanto, resolvemos el recurso sin el beneficio de su comparecencia.

*-II-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está

revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

### *-III-*

Un análisis del recurso presentado al palio de la Regla 52.1 de Procedimiento Civil confirma una de las instancias contempladas por el legislador, a los fines de auscultar el mérito del recurso, si alguno. No obstante, el estudio preciso del expediente nos mueve a no intervenir con la *Resolución* recurrida. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto que nos ocupa.

### *-IV-*

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, *denegamos* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones